**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DIMPLEX NORTH AMERICA
LIMITED,

     *Plaintiff*,                                  Case Number:  13-cv-14415
                                                  Honorable Victoria A. Roberts

v.

TWIN-STAR INTERNATIONAL INC.,

     *Defendant*.
_____/

<u>**ORDER AND OPINION DENYING TWIN-STAR'S MOTION TO TRANSFER VENUE**</u>

**I.      INTRODUCTION**

    This matter is before the Court on a motion to transfer venue by Defendant, Twin-Star International, Inc. ("Twin-Star"). Plaintiff, Dimplex North America Limited ("Dimplex"), sued Twin-Star for patent infringement, and Twin-Star wants to move the case to the Southern District of Florida. Since Twin-Star does not meet its burden to show that a consideration of the relevant factors strongly favors transfer, the Court **DENIES** Twin-Star's motion.

**II.     BACKGROUND AND PROCEDURAL HISTORY**

      **A.  The Parties**

    Dimplex is a Canadian corporation with its principal place of business in Cambridge, Ontario. Dimplex manufactures and sells electrical fireplace assemblies meant to simulate the experience of an actual wood-burning fireplace. Cambridge is located approximately 160 miles and roughly a three-hour drive from Detroit, Michigan.

Cambridge is approximately 1,200 miles and over a three-hour flight from the Southern District of Florida, not including travel time to and from the airport.

Twin-Star is a competitor of Dimplex in the electrical fireplace business; it is a Florida corporation located in Delray Beach, Florida. Delray Beach is roughly 1,110 miles from Detroit and a little under a three-hour flight from Detroit, not including travel time to and from the airport.

### B.  Dispute and Background

Dimplex sued Twin-Star for allegedly infringing on two patents related to a manufacturing process used to make realistic-looking logs for electric fireplace assemblies. Twin-Star allegedly violated these patents by selling fireplace assemblies that it produced in Chinese factories using Dimplex's patented methods. Dimplex's Amended Complaint states that Twin-Star and retail furniture stores headquartered in Michigan sold and distributed and currently sell and distribute these infringing devices within the Eastern District of Michigan.

Twin-Star answered Dimplex's Amended Complaint, then moved to transfer the case to the Southern District of Florida on May 13, 2014. Twin-Star supported its motion by arguing that its headquarters, potential employee witnesses, relevant documents, emails, and other electronic files, are located in that district. Twin-Star also argued that Florida has a stronger interest than Michigan in adjudicating this case because Twin-Star is the only American party and a Florida corporation. Twin-Star also claims a transfer is in the interest of judicial economy because the Southern District has more favorable time-to-trial statistics than Michigan and adopted a Patent Pilot Program to increase specialized knowledge in patent law among a group of judges in that district.

2

Twin-Star brings its motion to transfer venue under 28 U.S.C. § 1404(a). The Court uses the framework of the statute to determine whether the relevant factors favor upsetting Dimplex's choice of forum.

### III.    THE LEGAL FRAMEWORK OF 28 U.S.C. § 1404(a)

This Court has discretion under 28 U.S.C. § 1404(a) to transfer cases in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Audi AG v. Shokan Coachworks, Inc.*, 04-70626, 2007 WL 522707 at *2 (E.D. Mich. Feb. 13, 2007) (citations omitted). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have "broad discretion to determine when party convenience or the interests of justice make a transfer appropriate." *Flagstar Bank, FSB v. Gulfstream Bus. Bank, Inc.*, 2:13-CV-12136, 2013 WL 6017977 at *2 (E.D. Mich. Nov. 13, 2013) (citations omitted).

Within this framework three criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. *Id.* at *3 (citations omitted).

Due to Twin-Star's nationwide sales, there is no question that Dimplex could have brought this patent action in the Southern District of Florida. *See* 28 U.S.C. §§ 1391(c), 1400(b). Thus, only the last two criteria will be addressed.

The court must consider the following when addressing convenience and the interest of justice:

> (1) the convenience of witnesses;  (2) the location of relevant
> documents and relevant ease to sources of proof; (3) the
> convenience of the parties; (4) the locus of operative facts;
> (5) the availability of process to compel the attendance of
> unwilling witnesses; (6) the relative means of the parties; (7)
> the forum's familiarity with the governing law; (8) the weight
> accorded the plaintiff's choice of forum; and (9) trial
> efficiency and the interests of justice, based on the totality of
> the circumstances.

*Flagstar Bank, FSB*, 2:13-CV-12136, 2013 WL 6017977 at *3 (citations omitted).

Additionally, the Court "may also consider any factor which may make any eventual trial

easy, expeditious, and inexpensive." *Audi AG.*, at 04-70626, 2007 WL 522707 at *2

(citations omitted).

The moving party bears the burden to show that an analysis of these relevant factors

"*clearly point[s] towards*" and "*strongly favor[s]*" the alternative forum. *Flagstar Bank,*

*FSB*, 2:13-CV-12136, 2013 WL 6017977 at *4 (citations omitted) (emphasis added).

Further, a transfer cannot be obtained merely by a party showing inconvenience to

itself, and the inconvenience should not simply shift to the other party. *Id.* at *6 (citations

omitted).

## IV.   TWIN-STAR FAILS TO SHOW THAT THE RELEVANT FACTORS STRONGLY FAVOR A TRANSFER TO FLORIDA

### A. Deference to Plaintiff's Choice of Forum and Convenience to Parties and Witnesses

There is a "strong presumption in favor of the plaintiff's choice of forum" that can only

be overcome when the other factors "clearly point to an alternative forum." *Id.* at *4

(citations omitted). "Unless the balance is strongly in favor of the defendant, a plaintiff's

choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th

Cir.1951).

4

Deference to the plaintiff's choice of forum and convenience to parties and witnesses are related factors, and Twin-Star fails to show they weigh in favor of transfer. Dimplex benefits from a presumption against disrupting its choice which is bolstered by the fact that it presents legitimate reasons for Michigan based on convenience to itself and likely witnesses.

In some instances, there will be reasons to reduce the deference shown to the choice of forum where a foreign plaintiff, such as Dimplex, is involved because its choice might not represent a convenient location. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (stating that a reason a court may distinguish between a foreign and home state plaintiff's choice is that if the "home forum has been chosen, it is reasonable to assume that this choice is convenient"); *see also Audi AG*, 04-70626, 2007 WL 522707 at *5 (assigning less weight to German corporation's choice of forum where the only connection to Michigan was that it operated through another corporation in Auburn Hills but no infringing acts or alleged injury in Michigan was described). Other Courts will give less or no weight to plaintiffs choice if it seems that it was based on "tactical factors" such as "benefits from local laws, the generosity of juries, a defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum." *Tomita Technologies USA, LLC v. Ninetondo Co., LTD*, 818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011).

But, a foreign plaintiff's choice may still logically be a function of convenience and courts may base the amount of deference shown to a foreign plaintiff's choice on whether the plaintiff provides "legitimate reasons" for the choice of forum. *Tomita Technologies USA, LLC*, 818 F. Supp. 2d at 772 (holding that even foreign plaintiffs are

entitled to some deference where forum choice was "motivated by legitimate reasons" such as "plaintiff's residence in relation to forum" and availability of witnesses to forum district).

When considering the related factor of convenience to the parties, courts should not grant a transfer if it simply shifts the inconvenience from one party to another. *Flagstar Bank, FSB*, 2:13-CV-12136, 2013 WL 6017977 at *4. If both parties will be equally inconvenienced depending on where a case is litigated, there is often not reason to upset the plaintiff's choice. *Id.*

Convenience to witnesses is one of the most important considerations. *Audi AG*, 04-70626, 2007 WL 522707 at *4. In weighing this factor, "[p]articular consideration is given to the convenience of non-party witnesses" and witnesses with special burdens. *Id.* (citations omitted) (giving weight to location of non-party witnesses and the chronic illness of Defendant's primary witness when deciding to transfer the case to New York). The "party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Flagstar Bank, FSB*, 2:13-CV-12136, 2013 WL 6017977 at *2.

Twin-Star argues that Dimplex's choice of forum should be shown no deference because it is foreign and only chose Michigan for the convenience of its counsel. It supports this by pointing to the fact that Buffalo, New York is "considerably closer" to Cambridge, Ontario than Detroit and that the suit presumably could have been brought there because Twin-Star's assemblies are sold nationwide. It also argues that Florida will be more convenient to the parties.

6

Although the Court agrees that the presence of counsel cannot provide a rationale for the choice of forum, it is not the only reason Dimplex offers for choosing this district. Dimplex chose one of the most geographically convenient locations open to it and will avoid the burdens of air travel that other forums present. Nor does this case present a situation in which a foreign plaintiff to whom all forums might be equally accessible choose a far-flung location to cause hardship to the defendant. And, there is no indication of an attempt to take advantage of, for example, a locale perceived favorable to patent-plaintiffs. Had this suit been brought in a far-flung location such as California or Texas, there would be a much stronger basis to assume Dimplex did not find the forum convenient. Moving proceedings to Florida would result in additional hours of inconvenience and expense for Dimplex and merely shift the burden of travel to Dimplex. Twin-Star fails to show that the factor of convenience to the parties favors a transfer; consideration of this factor strengthens the presumption against disturbing Dimplex's choice.

Twin-Star also argues that the convenience of witnesses favors a transfer because all of its employees represent potential witnesses and they are all located in the Southern District of Florida, whereas Dimplex presents only one Michigan based witness that, Twin-Star argues, is not a key witness.

Twin-Star's initial disclosure is telling. Provided to Dimplex the day before the hearing on this motion, the disclosure lists only Twin-Star's current president Robert Cohen, a former president, and one other employee as people with discoverable information. Twin-Star provided no affidavits on the nature of any future testimony nor provides any argument to indicate that these witnesses face special hardship in getting

7

to Detroit. The initial disclosure also shows that Twin-Star will seek discovery from five Canadians and Dimplex's Detroit based counsel.

Considering the current disclosures and possible witnesses, a transfer will only shift burdens to the more numerous Canadian witnesses. Dimplex and Twin-Star have both shown that Canadian witnesses will likely be called and Detroit represents a convenient choice for them. Twin-Star had the burden to highlight the Florida witnesses who would be inconvenienced and the nature of their testimony but has only produced three names without any details, while indicating it will seek discovery from five potential Canadian witnesses and a Detroit-based attorney. Its claim at the hearing that all 70 of its employees represent "witnesses" is unconvincing and ignores its burden and duty to present affidavits and admissible evidence to support the convenience of witnesses as a reason for transfer.

Dimplex chose a location convenient for itself and Canadian witnesses; this strengthens the presumption against disrupting its choice. Twin-Star fails to demonstrate that a transfer will do anything but shift travel burdens to Dimplex and Canadian witnesses.

### B. Access to Sources of Proof

Twin-Star asserts access to sources of proof as another ground for transfer. It argues that Florida provides superior access because Twin-Star's headquarters are located in the district.

In general, "the location of documents and sources of proof have become a less significant factor in the § 1404(a) transfer analysis because of technological advances and availability of documents in electronic form." *Flagstar Bank, FSB*, 2:13-CV-12136, 2013 WL 6017977 at *5.  However, in "patent infringement cases, the bulk of the

relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Here, Twin-Star provides no reason to believe that the current choice of forum presents any real hardship in the access or transferability of these documents and there is no explanation by Twin-Star of how access to proof will actually be burdened. Twin-Star's status as the alleged infringer might provide a small amount of weight in favor of transfer, but without more, Twin-Star does not defeat the presumption given to Dimplex's choice of forum based on convenience.

## C. Locus of Operative Facts, and Interests and Connections of Proposed Forums

Twin-Star argues that the interests of justice favor a transfer because the design of the patents happened in Florida and only a minor part of the sales of patent infringing devices occurred in the Eastern District of Michigan. Twin-Star argues that Dimplex has no "legitimate basis" for keeping the case in this district and says that because it is a Florida corporation and the only American party, Florida has the strongest interest in hearing this case.

However, even if Twin-Star's nationwide sales make Michigan's interest in hearing this case indistinguishable from other states, and Twin-Star's status as a Florida corporation gives that forum a greater interest in the litigation, that is not the same as Dimplex having no "legitimate basis" for litigating in Michigan. Dimplex has a legitimate convenience rationale. Even though the relative interests of the states in litigating the issue might provide some weight in favor of transfer, they do not clearly show that

Dimplex's choice of a more convenient forum for itself and Canadian witnesses should be disturbed.

### D. Judicial Economy and Familiarity with Governing Law

Twin-Star argues that the approximate ten-month gap in time-to-trial statistics between the forums, and the fact that this case involves an "infrequently utilized portion of the patent statute" favor a transfer to Florida. Twin-Star encourages consideration of the Southern District of Florida's new Patent Pilot Program. The Program aims to "encourage the enhancement of expertise" in patent cases and allows for newly filed patent cases to be assigned to a pool of three judges. Twin-Star believes this expertise and quicker trial time will result in a more efficient use of judicial resources.

Courts may give some weight to the prospective of a speedier trial. *Fannin v. Jones*, 229 F.2d 368, 369 (6th Cir. 1956) (holding the district judge did not abuse discretion by giving consideration to speedier docket as part of its consideration but that considering that factor alone, or for the transferring court's own convenience, is impermissible). Familiarity with the governing law is also a concern of judicial economy and fairness but because patent law is federal law, generally, "any district court may handle a patent case with equal skill." *Millennium, L.P. v. Dakota Imaging, Inc.*, 03 CIV.1838 RWS, 2003 WL 22940488 (S.D.N.Y. Dec. 15, 2003) (internal citations omitted).

Although not sufficient on their own to justify a transfer, time-to-trial statistics might provide some weight in a transfer motion in another case; but, Twin-Star's Proposed Case Management Plan belies this alleged concern over a delay to get to trial. Twin-Star proposed July 1, 2016 for the exchange of jury instructions and verdict

forms. This is more than half a year after Dimplex's proposed date and outside the 26.7 month time-to-trial statistic that Twin-Star is concerned with.

Also, an experiment to increase judicial expertise in one district does not render another less competent to hear this case. This district had the opportunity to participate in the Program and decided against it. This, however, was not a decision aimed at unloading patent cases and the Southern District of Florida did not adopt the Program to, as Twin-Star suggests, "solicit" patent cases from other districts.

These factors ultimately deserve little weight given Twin-Star's posture; they do not justify this Court upsetting what was ultimately a valid decision by Dimplex to file this action in the Eastern District of Michigan.

## V.    CONCLUSION

Weighing the relevant factors does not clearly favor transfer to the Southern District of Florida. Overall, it simply shifts the inconvenience of the forum location to Dimplex. The Court **DENIES** Twin-Star's motion to transfer.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

DATED:  July 18, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 18, 2014.

s/Linda Vertriest
Deputy Clerk